UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMAN J. DEAN                                    CIVIL ACTION

VERSUS                                            NO. 21-1482

DARRYL VANNOY, WARDEN                             SECTION M (1)


## <u>ORDER</u>

The Court, having considered the petition, the record, the applicable law, the United States Magistrate Judge's Report and Recommendation ("R&R"),[1] and the petitioner's objection to the R&R,[2] hereby approves the R&R and adopts it as its own opinion.  In his objection, the petitioner Norman J. Dean argues that he should be entitled to equitable tolling because he suffers from mental illness and was in prison lockdown, for his protection and the protection of others, from November 2017 to July 2021.[3]  He argues that his access to his legal documents was restricted during this period and he had only limited legal assistance.[4]  Dean's assertions are largely unsupported and conclusory; regardless, they have no legal merit.

Equitable tolling generally requires a petitioner to establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).  Dean establishes neither.  He submits no evidence of his mental incompetence for the relevant period or that the incompetence contributed to the delay in filing his petition. *See Bonilla v. Dir., TDCJ-CID,* 2022 WL 868277, at *3 (N.D. Tex. Feb. 15,

---

[1] R. Doc. 11.
[2] R. Doc. 14.
[3] *Id.* at 2.
[4] *Id.*

2022) (declining equitable tolling where petitioner made no showing, apart from his self-serving assertions, that during the one-year period he suffered from a mental illness that prevented him from pursuing his legal rights), *adopted,* 2022 WL 865894 (N.D. Tex. Mar. 22, 2022); *Walden v. Cain,* 2021 WL 5570614, at *1 (S.D. Miss. Nov. 29, 2021) (holding that equitable tolling was not established where petitioner failed to submit evidence of claimed mental illness or how it contributed to delay in filing petition).  Further, as a general proposition, prison lockdowns related to legitimate penological interests that occur during the one-year Antiterrorism and Effective Death Penalty Act of 1996 limitations period do not justify equitable tolling.  *See Soliz v. Dir., TDCJ-CID,* 2021 WL 3674105, at *3 (E.D. Tex. July 9, 2021) (observing that courts "have repeatedly found that prison lockdowns … that occur during the one-year limitation period do not justify equitable tolling") (collecting cases), *adopted,* 2021 WL 3666058 (E.D. Tex. Aug 18, 2021); *United States v. Ramirez*, 2010 WL 837446, at *3 (S.D. Tex. Mar. 4, 2010) (collecting cases); *Dodd v. United States,* 365 F.3d 1273, 1283 (11th Cir. 2004) (providing that "[l]ockdowns and period in which a prisoner is separated from his legal papers are not 'exceptional circumstances' in which equitable tolling is appropriate").  Moreover, lack of legal assistance generally does not justify equitable tolling.  *See Cruz v. Lumpkin*, 2021 WL 3710568, at *3 (N.D. Tex. Aug. 18, 2021) (holding that equitable tolling was not justified by pandemic-induced lockdowns, limited access to prison law library, and an inability to obtain legal assistance).  Dean states that he had some legal documents and some legal assistance during the cited lockdown.  He does not say, however, what legal documents were unavailable to him or how their confiscation delayed the filing of his federal habeas petition.  *See Grizzle v. Davis,* 2019 WL 3536837, at *3 (N.D. Tex. July 1, 2019) (holding that petition was not entitled to equitable tolling based on

confiscation of legal papers where petitioner did not allege when it occurred or how it prevented the timely filing of his petition), *adopted,* 2019 WL 3530908 (N.D. Tex. Aug. 2, 2019). Notably, even crediting Dean's assertions, the supposed impediments to his filing are not said to have been in place for the first 243 days of his one-year period. *Cf. Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (holding that equitable tolling not warranted due to confiscation of legal materials and inadequate law library where alleged impediments to filing were removed six months before limitations period ended). Thus, Dean has not established either that he acted diligently or that he was prevented from filing his petition timely.

Accordingly,

**IT IS ORDERED** that the federal application for habeas corpus relief filed by Norman J. Dean is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 27th day of April, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE